IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, December 7, 2007

# METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, v. DARYL K. STARK

**Direct Appeal from the Circuit Court for Davidson County**
**No. 06C2109     Hon. Amanda McClendon, Circuit Judge**

---

**No. M2007-00635-COA-R3-CV - Filed January 31, 2008**

---

The Trial Court granted defendant permission to attend traffic school in lieu of a fine.  On appeal, we reverse because State and federal law does not permit diversion for a commercially licensed operator.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

James E. Robinson, Andrew D. McClanahan and John L. Kennedy, Nashville, Tennessee, for appellant.

## OPINION

This is an appeal by the appellant, involving the sentence imposed upon defendant's violation of the municipal traffic ordinances in Davidson County.  Defendant was issued a ticket for speeding, and the citation states that the defendant was driving 80 mph in a 55 mph zone.

Defendant appealed from the General Sessions Court Judgment against him to the Circuit Court.

A hearing was held in Circuit Court and the citation officer testified that the citation was issued to defendant on June 2, 2006, after observing the defendant's vehicle approaching him

at a high rate of speed. He testified that he was in an unmarked vehicle, and defendant was passing other traffic. He testified that he used his radar gun and clocked the defendant at 80 mph, and that the speed limit in the area was 55.

He pulled defendant over, and explained that his radar gun was calibrated daily, and that it was accurate even if it was used while he was in motion. He further testified that a couple of miles before the area where he clocked defendant, the speed limit was 70 mph.

Defendant testified that he lived in Bowling Green, Kentucky, and that he was on vacation traveling with his family. He testified that it was dark when he was pulled over, and it was just 2-3 miles past where he had seen a 70 mph speed limit sign, so he had his cruise control set on 70 mph, and that he never saw a sign changing the speed limit to 55 mph.

He testified that he worked for UPS as a delivery driver and trainer, and that he taught other drivers about safety, speed, etc. He testified that he believed the speed limit was 70 mph where he was pulled over, but admitted that he was not very familiar with the interstate system in Nashville, and could have missed a sign. He further testified that he had a commercial driver's license.

At the conclusion of the proof, the Trial Court commented that the traffic officer had an "impeccable" reputation, but that one was still guilty of speeding even if it was done by mistake. The Court observed that it could be seen how a person might miss the speed reduction, and the Court also empathized with the impact this would have on defendant's CDL.[1] The Court mentioned traffic school as an option, but the Metro attorney stated that their position was that a person with a CDL could not attend traffic school due to the federal legislation that prevented people with CDLs from being able to mask traffic violations, and asked that a $50.00 fine and court costs be imposed against defendant.

Defendant's attorney argued, that since he was in his personal vehicle, he should be allowed to attend traffic school, and the Trial Court agreed to allow defendant to attend traffic school, and stated that the citation would be dismissed once that was completed and the court costs paid.

The issue on appeal is whether a trial court may allow a defendant to attend traffic school and have his citation dismissed when the defendant possessed a CDL?

Metro argues that the Court's Judgment was improper because defendant possessed a CDL, and state and federal regulations prohibit the holder of a CDL from attending traffic school in lieu of punishment, or otherwise "masking" the citation or having it deferred. Defendant did not file a brief on appeal.

Tenn. Code Ann. §55-10-301(b) gives the trial court the discretion to order a traffic

---

[1]Commercial Driver's License.

law violator to attend a driver education course, and it states:

> Any person violating any of the provisions of chapters 8 and 9 of this title and parts 1-5 of this chapter may be required, at the discretion of the court, to attend a driver education course approved by the department of safety in addition to or in lieu of any portion of other penalty imposed;  provided, that the course is approved by the department, . . .

This statute goes on to state, however, that subsection (b) "shall not apply to any person who holds a Class A, B, or C license and is charged with any violation, except a parking violation, in any type of motor vehicle." Tenn. Code Ann. §55-10-301(c).  Class A, B, or C licenses are defined in Tenn. Code Ann. §55-50-102 as those issued for the operation of vehicles weighing more than 26,000 pounds, and are those typically referred to as "commercial" drivers' licenses.

Metro argues that subsection (c) was added to bring the state law into compliance with federal regulations found at title 49, part 384 of the Code of Federal Regulations, governing "State Compliance with Commercial Drivers License Program".  Specifically, 49 C.F.R. §384.226[2] states:

> The State must not mask, defer imposition of judgment, or allow an individual to enter into a diversion program that would prevent a CDL driver's conviction for any violation, in any type of motor vehicle, of a State or local traffic control law (except a parking violation) from appearing on the driver's record, whether the driver was convicted for an offense committed in the State where the driver is licensed or another State.

While Tenn. Code Ann. §55-10-301 does not specifically state that it was enacted to bring Tennessee law into compliance with these federal regulations, other sections of the traffic/drivers' license statutes do specifically reference the federal regulations. *See, e.g.*, Tenn. Code Ann. §55-50-401.

The federal regulation is clear.  The State cannot mask or defer imposition of judgment to prevent a CDL driver's conviction for any type of traffic violation (besides parking) in any type of motor vehicle from appearing on the driver's record, whether the offense was committed in the driver's home state or different state.  49 C.F.R. §384.226.  Likewise, Tenn. Code Ann. §55-10-301(c) makes clear that a trial court should not utilize that statute to allow a commercial license holder to attend traffic school in lieu of other punishment.

Based upon the state and federal laws addressing this issue, the Trial Court erred in allowing the defendant to attend traffic school and in holding his traffic violation would be dismissed upon completion of traffic school.  Defendant holds a commercial driver's license, which prevented the Trial Court from allowing him to benefit from this type of judicial diversion.  Apparently, the

---

[2] 49 C.F.R. §384.103 states that the regulations in that part apply to all states.

Trial Court was influenced by the fact that defendant was driving a personal vehicle at the time of the violation, but the state and federal law make clear that this is of no consequence.

Accordingly, we reverse the Judgment of the Trial Court and remand for the entry of an appropriate Judgment in compliance with State and federal law.

The cost of the appeal is assessed to Daryl K. Stark.

_____
HERSCHEL PICKENS FRANKS, P.J.